## BANK v. POLK.

Court of Common Pleas. Sussex. November, 1817.

*Clayton's Notebook, 84.*

[DECLARATION.]

And whereupon the said President Directors and Company of the Farmers and Mechanics Bank of Delaware, by Peter Robinson, their attorney, say that whereas the said Thomas Townsend, on the twenty-fourth day of September in the year of our Lord one thousand eight hundred and twelve, at Sussex County aforesaid, by his certain writing obligatory with his seal sealed and to the Court here shown

(the date whereof is the same day and year aforesaid) acknowledged himself to be held and firmly bound to the said President Directors and Company of the Farmers and Mechanics Bank of Delaware, by the name of the President Directors and Company of the Farmers and Mechanics Bank of Delaware, in the said sum of twenty-five thousand dollars, good and lawful money of the State of Delaware, to be paid to the said President Directors and Company of the Farmers and Mechanics Bank of Delaware by the name of the President Directors and Company of the Farmers and Mechanics Bank of Delaware when he should be thereunto required.

And the said President Directors and Company of the Farmers and Mechanics Bank of Delaware according to the form of the statute in that case made and provided, say that a certain William Polk was appointed cashier of the Farmers and Mechanics Bank of Delaware and afterwards, to wit, on the day and year aforesaid at the county aforesaid the said William Polk together with the said Thomas Townsend and a certain William Moore Junior, Solomon Moore, Peter G. Wootten, Isaac Cooper and Henry Bacon became jointly and severally bound to the said President Directors and Company of the Farmers and Mechanics Bank of Delaware in the writing obligatory aforesaid; and that the said writing obligatory was made with condition thereunder written: that if the above bounden William Polk should and did well and truly and with fidelity perform and discharge the duties enjoined on him as cashier of the Farmers and Mechanics Banks of Delaware agreeable to the laws and regulations therein made and provided, then the above obligation to be void and of no effect; else to be and remain in full force, power and virtue in law.

And the said President Directors and Company of the Farmers and Mechanics Bank of Delaware further say that the said William Polk above mentioned continued in the office of cashier of the Farmers and Mechanics Bank of Delaware from the said twenty-fourth day of September, eighteen hundred and twelve, until the twenty-eighth day of April, eighteen hundred and seventeen, to wit, at the town of Laurel in the county aforesaid: and on divers days and times between the said twenty-fourth day of September, eighteen hundred and twelve, and the said twenty-eighth day of April, eighteen hundred and seventeen, divers sums of money amounting together to the sum of one hun-

dred and eighty thousand dollars belonging to the said President Directors and Company of the Farmers and Mechanics Bank of Delaware, and also on divers days and times between the said twenty-fourth day of September, eighteen hundred and twelve, and the said twenty-eighth day of April, eighteen hundred and seventeen, divers promissory notes, issued by the said President Directors and Company of the Farmers and Mechanics Bank of Delaware, signed by the president and countersigned by the cashier thereof, promising the payment of divers sums of money to divers persons or bearers amounting together to the sum of ninety thousand three hundred and ninety dollars of the value of the like sum of ninety thousand three hundred and ninety dollars lawful money of the United States of America, all came to the hands and possession of the said William Polk as cashier of the Farmers and Mechanics Bank of Delaware, to wit, at the town of Laurel in the county aforesaid.

And that the said William Polk, on the said twenty-eighth day of April, eighteen hundred and seventeen, or hitherto (although often requested etc.) did not pay and deliver to the said President Directors and Company of the Farmers and Mechanics Bank of Delaware the said sums of money and promissory notes, or any of them, or any part thereof; but hitherto altogether refused and still doth refuse to render the same to the said President Directors and Company of the Farmers and Mechanics Bank of Delaware.

And the said President Directors and Company of the Farmers and Mechanics Bank of Delaware according to the form of the statute in that case made and provided further say that the said William Polk as cashier of the Farmers and Mechanics Bank of Delaware (although often requested etc.) did not keep and render or cause to be kept and rendered to the said President Directors and Company of the Farmers and Mechanics Bank of Delaware true and faithful accounts of the divers sums of money which came to his hands and possession as cashier of the said Farmers and Mechanics Bank of Delaware during his continuance in the said office as aforesaid, to wit, in the town of Laurel in the county aforesaid.

Whereby an action accrued to the said President Directors and Company of the Farmers and Mechanics Bank of Delaware to demand and have of the said Thomas Townsend the

said sum of twenty-five thousand dollars good and lawful money of the State of Delaware above demanded. Yet the said Thomas Townsend (although often requested etc.) hath not yet paid the said sum of twenty-five thousand dollars or any part thereof to the said President Directors and Company of the Farmers and Mechanics Bank of Delaware, but to pay the same or any part thereof the said Thomas Townsend hitherto altogether hath refused, and still doth refuse to render the same to the said President Directors and Company of the Farmers and Mechanics Bank of Delaware, whereof the said President Directors and Company of the Farmers and Mechanics Bank of Delaware say that they are injured and have damage to the value of fifteen thousand dollars lawful money of the United States of America and therefore they bring suit etc.

Peter Robinson, atty. plff.

Pledges of Prosecution } John Doe and Richard Roe.

---

[PLEA IN ABATEMENT.]

William Polk

v.

The President Directors and Company of the Farmers and Mechanics Bank of Delaware.

In the Court of Common Pleas in and for Sussex County, November Term, MDCCCXVII.

And the said William Polk comes here into Court in his own proper person and defends the force and injury when and so forth and says that there never was any such person or body corporate called the President Directors and Company of the Farmers and Mechanics Bank of Delaware as the writ aforesaid supposes and this he is ready to verify wherefore he prays judgment of the writ aforesaid and that the same may be quashed, etc.

Thomas Cooper, atty.

The above named William Polk maketh oath and saith that the above plea hereunto annexed is true in substance and matter of fact.

William Polk.

Sworn before
Francis Brown, Prothy.

584

### [GENERAL REPLICATION.]

And the said President Directors and Company of the Farmers and Mechanics Bank of Delaware by Peter Robinson their attorney come and say that their said writ ought not to be quashed by anything above alleged by the said William Polk because they say that there was before and on the day of the impetration of the original writ aforesaid and there now is such corporation and body politic in law and in fact by the name and style of the President Directors and Company of the Farmers and Mechanics Bank of Delaware as they have in their said writ alleged and this they pray may be inquired of by the country.

Peter Robinson, atty. for Plff.

### [DEMURRER TO THE REPLICATION.]

And the said William Polk says that the plea aforesaid by the said President Directors and Company of the Farmers and Mechanics Bank of Delaware in manner and form aforesaid above by replying pleaded, and the matter in the same contained are not sufficient in the law to maintain their said writ thereof against the said William had, and that he to the plea aforesaid in manner and form aforesaid pleaded hath no necessity nor is by the law of the land obliged in any manner to answer: And this he is ready to verify wherefore for want of a sufficient replication in this behalf the same William as before prays judgment and that the said President Directors and Company of the Farmers and Mechanics Bank of Delaware may be precluded from their action aforesaid thereof against him had etc.

And for causes of demurrer in law in this behalf, according to the form of the statute in such case made and provided, he sets down and to the Court here expresses these causes following. Because the said President Directors and Company of the Farmers and Mechanics Bank of Delaware in their plea above replied prayed that the matters in the same contained may be enquired of by the country, whereas the said President Directors and Company of the Farmers and Mechanics Bank of Delaware should have concluded their said plea with a verification etc.

Because that they allege in their said plea that there was before and on the day of the impetration of the original writ aforesaid and there now is such corporation and body politic

in law and in fact by the name and style of the President Director and Company of the Farmers and Mechanics Bank of Delaware as they have in their said writ alleged, whereas they ought to have averred that there was such corporation and body politic on the day of the impetration of their writ in this cause, there being no original writ issued in this cause.

And because they allege in their said plea that there was before and on the day of the impetration of the original writ aforesaid and there now is such corporation and body politic in law and in fact by the name and style of the President Directors and Company of the Farmers and Mechanics Bank of Delaware whereas a corporation and body politic can have a name by law only and not by fact. And the said William further says that the plea aforesaid is inconsistent, incertain, not issuable and wants form.

Thomas Cooper, Deft. atty.

---

### [NOTE.]

This case was never argued, for on the succeeding term the defendant withdrew his plea in abatement and pleaded in chief, *nul tiel* corporation, and other pleas to the merits. *Semble,* the replication is bad on other grounds than those assigned in the demurrer. The plea does not give a better writ, and the matter of it should be pleaded in bar. Then as a plea in abatement it is bad, but it is good as a plea in bar, and being so, defendant is let in to except to the declaration, which he would have been prevented from doing had it been in abatement. Now the declaration is ill for three reasons: (1) It does not set out the act of incorporation, which is a private law and is not made public by the Legislature. (2) It does not appear that the notes etc. ever came to Polk's hands by the president etc. or by any person. (*Vide* the case in Esp.N.P. and Doug., case of the clerk.) (3) The breach is ill as it does not state what by-laws and regulations are not observed by cashier etc. Therefore, judgment on the whole record must be for the defendant, as the demurrer being general as well as special runs back on the whole record.